UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL MUNOZ-NEGRETE,<br><br>　　　　　　　Petitioner,<br>　v.<br><br>NETHANJAH BREITENBACH, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:25-cv-00011-MMD-CSD<br><br>ORDER |

**I.　　SUMMARY**

Petitioner Daniel Muñoz-Negrete ("Muñoz"), a Nevada state prisoner, has submitted a *pro se* Petition for Writ of Habeas Corpus ("Petition (ECF No. 1-1)) under 28 U.S.C. § 2254, a Motion for Appointment of Counsel (ECF No. 1-2); and an incomplete Motion to Proceed *In Forma* Pauperis ("IFP" (ECF No. 4)). The Court deferred initial screening and instructed Muñoz to either pay the filing fee or submit a complete IFP application. (ECF No. 3.) Muñoz timely paid the fee. (ECF No. 6.) This matter is now before the Court for initial review under the Rules Governing Section 2254 Cases.[1] The Court will dismiss the Petition without prejudice because the Petition is premature.

**II.　　BACKGROUND**[2]

On July 28, 2020, Muñoz was charged with Murder with the Use of a Deadly Weapon. In August of 2021, he pleaded guilty to Second-Degree Murder with Use of a Deadly Weapon. In November of 2021 he was sentenced to life with the possibility of

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Second Judicial District Court in Washoe County, Case Information - Washoecourts, and the Supreme Court of Nevada 89602: Case View.

parole after serving 10 years plus a consecutive sentence of eight to 20 years for the deadly weapon enhancement.

In October of 2022, a petition for writ of habeas corpus and motion to compel discharge of counsel were filed in the state district court. On April 22, 2024, the state district court granted the motion to discharge counsel. On May 28, 2024, a second petition for writ of habeas corpus was filed in the state district court. On October 28, 2024, Respondents moved to dismiss the petitions.

On November 8, 2024, Muñoz filed a notice of appeal with the Supreme Court of Nevada and the state supreme court dismissed the appeal as premature because the state district court had not yet decided the petitions for writ of habeas corpus. The state district court has since appointed counsel for the state habeas proceedings.

### III.   DISCUSSION

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

Muñoz's state postconviction petitions are still pending before the state district court and the resolution of those state postconviction proceedings could render a federal habeas petition moot. Thus, Muñoz's federal petition will be dismissed without prejudice to his filing a new federal habeas petition, in a new case with a new case number, and accompanied by either the filing fee or a complete *Application to Proceed In Forma Pauperis*.

### IV.     CONCLUSION

It is therefore ordered that Petitioner Daniel Muñoz-Negrete's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 4) is denied without prejudice.

It is further ordered that Muñoz's Motion for Appointment of Counsel (ECF No. 1-2) is denied without prejudice.

It is further ordered that the Petition (ECF No. 1-1) is dismissed without prejudice as set forth in this order.

It is further ordered that a Certificate of Appealability is denied.

It is further ordered that the Clerk of Court: (1) add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents; (2) file and electronically serve the Petition (ECF No. 1-1) on Respondents, for informational purposes only; and (3) close this case.

DATED THIS 3rd Day of February 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE